UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MELISSA LOIZON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17-cv-1433 |
| | ) | |
| v. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| MENARD, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons discussed herein, Defendant's Motion for Summary Judgment [39] is denied. A status conference is set for April 25, 2018, at 9:30 a.m. to set a trial schedule.

### I. Factual Background and Procedural History

Plaintiff Melissa Loizon ("Plaintiff") was a business invitee at a store owned and operated by Defendant Menard's, Inc. ("Defendant"), in Joliet, Illinois on May 25, 2016. (Dkt. 40 at ¶¶ 1-2.[1]) It had rained about an hour before Plaintiff entered Defendant's store. Dkt. 40 at ¶ 4.) Plaintiff walked through the garden center at the store, where Plaintiff testified that the pavement "looked wet, not standing puddles but wet." (Dkt. 40 at ¶ 11.)  s Plaintiff stepped over the threshold from the garden center into the main store area, she slipped and fell. (Dkt. 40 at ¶ 14.) Plaintiff filed this suit in the Circuit Court of Will County, Illinois; Defendant removed the case to federal court based on diversity jurisdiction. (Dkt. 1.) Defendant filed the instant motion for summary judgment. The motion is fully briefed and ripe for disposition.

The parties dispute how the moisture that caused Plaintiff's fall came to be either on the floor of the store or on Plaintiff's shoes. According to the Defendant, the water that caused Plaintiff to slip was caused by the rain earlier that day. (Dkt. 40 at ¶ 18.) The Defendant

---

[1] All citations to Docket Entry 40 are from the section entitled "Material Facts."

seemingly posits two ways the rain water got into the garden center. One theory appears to be that rain water was in the garden center because the garden center is "partially exposed to the elements" on one side. (Dkt. 40 at ¶ 6.) The other possibility is that Plaintiff tracked rain water in from outside the garden center on the bottom of her shoes as she entered the garden center. (Dkt. 40 at ¶6; Dkt. 47 at ¶¶ 31-32.)

Plaintiff believes that a faulty floor scrubber caused her fall. Surveillance video shows that the floor scrubber was being used in the garden center around the same time that Plaintiff fell. (Dkt. 42 at ¶ 2.)[2] The floor scrubber spits out a small amount of water onto the floor, then uses a bristle mechanism to scrub the floor; when working properly, the floor scrubber should not leave any wets spots as it moves along a surface. (Dkt. 42 at ¶ 5; Dkt. 42-3 at 12:18-13:14:9.) Plaintiff contends that the surveillance video shows that the area that has been scrubbed appears to get darker as the floor scrubber passes over the floor. (Dkt. 42 at ¶ 6.)[3] The record shows that the day after the Plaintiff's fall, the floor scrubber required maintenance, and a technician found the "control board and actuator to be faulty." (Dkt. 42-6.) Defendants contend that the repairs that were needed would not have caused the floor scrubber to malfunction in a way that would create any moisture on which the Plaintiff could slip. (Dkt. 47 at ¶ 24.)

## II. Standard of Review

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). In determining whether there is a genuine issue of fact, the Court "must construe the facts and draw all reasonable inferences in the light most favorable to the

---

[2] All citations to Docket Entry 42 are from the section entitled "Plaintiff's Statement of Additional Material Facts."
[3] Defendant states that the difference in floor color is due to dust removal, and not because the floor was wet. (Dkt. 47 at ¶ 29.)

nonmoving party." *Foley v. City of Lafayette Indiana*, 359 F.3d 925, 928 (7th Cir. 2004). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *See Cellotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L. Ed. 2d 265 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Cellotex,* 477 U.S. at 322. "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson,* 477 U.S. at 252.

### III. Discussion

Defendant's motion is denied because there is sufficient evidence in the record for a reasonable juror to conclude that the floor scrubber created the moisture that caused Plaintiff's fall. Defendant argues that "Menard owed no duty to remove a natural accumulation of water or warn plaintiff of its presence," and that "Plaintiff presented no evidence to suggest that the water was anything but rain water." (Dkt. 39-1 at 5.) "Businesses owe their invitees a duty to maintain the premises in a reasonably safe condition to avoid injuring them." *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014). Under Illinois law,[4] "'it is well settled that…business operators are not liable for injuries resulting from the natural accumulation of ice, snow, or water that is tracked inside the premises from the outside,'" and also "have no duty to remove or warn of such natural accumulation of water." *Kling v. Menard, Inc.*, 2015 WL 1607601, at *1 (N.D. Ill. Apr. 2, 2015) (quoting *Reed v. Galaxy Holdings, Inc.*, 914 N.E.2d 632,

---

[4] In this diversity case, we apply Illinois common law. *See McCarthy v. Target Corp.*, 2012 WL 967853, at *3 (N.D. Ill. Mar. 19, 2012) (citing *Land v. Yamaha Motor Corp.*, 272 F.3d 514, 516 (7th Cir. 2001)).

636 (Ill. App. Ct. 2009)).

Here, Defendant is correct that it did not owe a duty to remove a natural accumulation of water, but incorrect that Plaintiff has presented no evidence to suggest a different source for the water causing Plaintiff's fall. As noted above, there is evidence on the record that the floor scrubber was being used in the garden area around the same time as Plaintiff's fall, the floor scrubber's cleaning mechanism requires it to release water to clean the floor, the floor scrubber required maintenance the following day, and the surveillance video shows the color of the floor getting darker as the floor scrubber passed over it. A reasonable juror could look at those facts and conclude that the floor scrubber was not functioning properly on the date of Plaintiff's fall, and that it was making the floor wet as it cleaned the garden center shortly before the accident, thereby causing the condition that led to Plaintiff's fall. Of course, the Defendant has a retort for all of these facts: there is no evidence that the floor scrubber was being used where Plaintiff fell or in the garden center *before* Plaintiff's fall (*i.e.*, the surveillance video only captures the floor scrubber in use in the garden center immediately after the fall); when functioning properly, the floor scrubber dries the floor as it cleans; the maintenance performed on the floor scrubber had no bearing on whether it would leave moisture behind as it cleaned; one of Defendant's employees testified that the change in floor color was due to dust or dirt being cleaned, not moisture being left behind. Similarly, a reasonable juror could conclude that the facts demonstrate that the floor scrubber could not have been the source of the liquid on which Plaintiff slipped. However, in this procedural posture, the Court is required to consider the evidence in the light most favorable to the Plaintiff and draw all inferences in her favor. Ultimately, the Defendant has done no more than identify a genuine issue of fact regarding the source of the liquid, which necessarily precludes summary judgment. Therefore, the Court denies Defendant's motion for summary judgment.

## IV. Conclusion

For the reasons discussed above, Defendant's Motion for Summary Judgment [39] is denied. A status conference is set for April 25, 2018 at 9:30 a.m. to set a trial schedule.

**ENTERED: 4/13/2018**

_____
**U.S. Magistrate Judge, Susan E. Cox**